IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )
v.                              )      CASE NO. 2:13cr159-RAH-KFP
                              )
DERRICK GADSDEN             )

**MEMORANDUM OPINION and ORDER**

This case is before the Court on Derrick Gadsden's Emergency Motion for Reduction in Sentence (Doc. 281) in which he seeks to modify an imposed term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i). Gadsden asserts that he is entitled to a sentence reduction based on recent Amendments to the Guidelines Manual. This is Gadsden's fourth pro se motion for compassionate release. Because the Amendments at issue are non-retroactive and the 18 U.S.C. § 3553(a) factors do not support a sentence reduction, this Court will deny the Emergency Motion.

Gadsden was convicted of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 and 1349. (Doc. 158, at 1.) As a result of his conviction, Gadsden was sentenced to a statutory maximum of 240 months' imprisonment, followed by 3 years' supervised release, and was ordered to pay $1 million in restitution. (Doc. 158.) His projected release date is April 17, 2031. *See* Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 4, 2026).

Gadsden seeks relief under 18 U.S.C. § 3582(c)(1), which allows a court to modify a term of imprisonment in only limited circumstances. The provision states:

> "[T]he court, ... upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i)    extraordinary and compelling reasons warrant such a reduction;
>
> . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

18 U.S.C. § 3582(c)(1)(A). By using the word "may," the statute vests courts with discretion to grant a reduction if the stated conditions are met; however, it requires that the exercise of that discretion be informed by consideration of the factors in 18 U.S.C. § 3553(a) to the extent they are relevant, in addition to the other requirements of the statute.

The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is found in Guideline 1B1.13 of the United States Sentencing Guidelines. *See* U.S. Sentencing Commission, 2025 Guidelines Manual (hereafter "U.S.S.G."), § 1B1.13. Guideline 1B1.13 mirrors § 3582(c)(1)(A) in that it provides that a court may reduce a term of imprisonment if the court determines that

"[e]xtraordinary and compelling reasons warrant the reduction"; "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(a). The policy statement sets forth several categories of circumstances under which extraordinary and compelling reasons exist, including an unusually long sentence. *See* U.S.S.G. § 1B1.13(b)(1).

The Court finds that Gadsden has sufficiently exhausted his administrative remedies. Gadsden, however, seeks a reduction under Amendments 791, 792, and 810, which are non-retroactive.[1] *See* U.S.S.G. § 1B1.13(b)(1). Although U.S.S.G. § 1B1.13(b)(6) generally allows sentencing reductions based on non-retroactive statutory changes, it excludes amendments "to the Guidelines Manual that [have] not been made retroactive." *Id.* The retroactive amendments are listed at U.S.S.G. § 1B1.10(d); Amendments 791, 792, and 810 are not included in this provision.

---

[1] To the extent Gadsden seeks a reduction based on Amendment 821 of the Guidelines, this Court ordered the denial of the emergency motion on January 17, 2024. Specifically, this Court found:

> The only sentencing guidelines made retroactive were Parts A and B of Amendment 821 regarding status points and certain zero-point offenders. The defendant's subtotal criminal history score was 16 plus two status points for a total score of 18. A reduction of 1 status point creates a total score of 17. His criminal history category remains unchanged at VI. Pursuant to USSG §1B1.10(a)(2)(B), a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. §3582(c)(2).

(Doc. 286.) Because the Court has entered a ruling on this matter, further discussion regarding Gadsden's request for a reduction based on Amendment 821 is unnecessary.

Consequently, these Amendments cannot serve as a basis for compassionate release.

Gadsden also asks the court to consider his rehabilitation as an additional ground for a sentence reduction. The evidence he has presented compellingly shows that he has taken great advantage of the opportunities available to him in prison to rehabilitate himself by completing many courses and maintaining a good institutional record. Even so, the court cannot grant compassionate release on the basis of rehabilitation alone. *See* U.S.S.G. § 1B1.13(d).

Moreover, the § 3553(a) factors, considered in light of Gadsden's "current circumstances" and "his circumstances at the time of his original sentencing," do not warrant early release. *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021); *see also United States v. Rind*, 837 F. App'x 740, 744 (11th Cir. 2020) (observing that, under § 3553(a), the defendant's "medical conditions . . . are part of his history and characteristics"). Likewise, the nature and circumstances of Gadsden's offense and his history and characteristics do not favor release. *See* § 3553(a)(1). Gadsden and his brother operated a large-scale conspiracy in which they would open or recruit others to open checking accounts with minimum deposit amounts and then would use bad checks from those accounts to make big-ticket purchases from businesses. (Presentence Investigation Report ("PSR") ¶¶ 6–14.) The businesses victimized by Gadsden's scam totaled 120, and actual losses exceeded $1,418,000. (PSR ¶¶ 17, 23.) Gadsden, who was thirty-four years old at

sentencing, also had a lengthy, significant criminal history, which spanned nearly fifteen years. (*See generally* PSR, Part B; Doc. 183 at 114–16.) His criminal convictions placed him in a criminal history category VI. (PSR ¶¶ 46–48; Doc. 183 at 106.)

Furthermore, under § 3553(a)(2), Gadsden's release at this juncture—with substantial time remaining on his twenty-year sentence—would undercut the gravity of his offenses, diminish public respect for the law, negate the deterrent value of punishment, and weaken the value of a just punishment. *See* § 3553(a)(2). Overall, the balancing of the § 3553(a) factors does not justify Gadsden's release.

Based on the foregoing, the Court concludes Gadsden has not met his burden of demonstrating § 3582(c)(1)(A)'s conditions for obtaining a sentence reduction. He, thus, is not entitled to compassionate release.

Accordingly, it is

ORDERED that Gadsden's Emergency Motion for Reduction of Sentence (Doc. 281) is DENIED.

DONE, on this the 5th day of March 2026.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE